UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HAKAMUDDIN, et al. § | |
| § | |
| Plaintiffs, § | |
| § | CIV NO. 4:08-cv-1261 |
| v. § | |
| § | |
| CHERTOFF, et al. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction. For the following reasons, Defendant's Motion, Doc. No. 4, is **DENIED**.

### I. BACKGROUND

In April 2008, Plaintiffs Samina Hakimuddin, Hakimuddin Ali, S.H., a minor child, S.H., another minor child, and Masoudi USA, LLC dba Perfume Palace, filed suit against Michael Chertoff, Secretary of the Department of Homeland Security (DHS), Emilio Gonzalez, Director of U.S. Citizenship and Immigration Services (USCIS), Evelyn Upchurch, Director of the Texas Service Center of USCIS, and Robert P. Weimann, Chief, Administrative Appeals Office. Plaintiffs challenge Defendants' decision to deny Samina Hakimuddin's application for an extension of his L-1A intracompany transferee non-immigrant status and the application for an extension for his L-2 derivative family members. Plaintiffs allege that Defendants' interpretation of the L-1A non-immigrant status laws and regulations in this case was arbitrary and capricious, and would prevent the employees of a small business from qualifying for L-1A non-immigrant status.

Defendant USCIS granted Samina Hakimuddin L-1A non-immigrant status from March 26, 2003 to March 25, 2004. L-1A non-immigrant status allows a company to transfer a qualified employee from its office abroad to an office in the United States if, *inter alia*, the person is to render services in a "capacity that is managerial, executive, or involves specialized knowledge." 8 U.S.C. § 1101(a)(15)(L). Ms. Hakimuddin's petitioner was Perfume Palace. Defendant USCIS granted an extension of Ms. Hakimuddin's L-1A non-immigrant status from March 25, 2004 to March 25, 2006. On July 6, 2006, the USCIS Texas Service Center, denied Perfume Palace's application for a second extension, claiming that Ms. Hakimuddin no longer qualified for L-1A or L-2 status because petitioner failed to show that Ms. Hakimuddin was employed as a manager or executive. Ms. Hakimuddin's position and duties had not changed, however, since Perfume Palace filed its first petition and first request for extension. The Administrative Appeals Office (AAO) denied Perfume Palace's appeal on May 2, 2007. USCIS also denied Perfume Palace's application for an I-140 immigrant visa on behalf of Ms. Hakimuddin.

Plaintiffs allege that this Court has subject matter jurisdiction under 28 U.S.C. § 1331, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedures Act, 5 U.S.C. § 706 *et seq*. Defendants, on the other hand, insist that this Court lacks subject matter jurisdiction to hear Plaintiff's claim. Defendant thus urges the Court to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. LEGAL STANDARD

Neither the Declaratory Judgment Act nor the Administrative Procedures Act serves as an independent basis for this Court's subject matter jurisdiction. *See, e.g., Califano v. Sanders*, 430 U.S. 99 (1977); *Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439, 447 n.

11 (5th Cir. 2002). Plaintiffs argue that this Court has jurisdiction under 28 U.S.C. § 1331, and that 8 U.S.C. § 1252 (a)(2)(B)(ii) does not strip the Court of that jurisdiction.

8 U.S.C. § 1252 (a)(2)(B)(ii) precludes judicial review of any decision or action of the Attorney General or the Secretary of Homeland Security "the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." "'[T]his subchapter' refers to subchapter II of Chapter 12 of Title 8, which covers sections 1151 through 1378." *Shah v. Chertoff*, No. 3:05-CV-1608-BH (K), 2006 WL 2859375, at *2 (N.D. Tex. Oct. 5, 2006). The Fifth Circuit has held that Section 1252 precludes review of only those decisions specified under the statute as discretionary. *See Ayanbadejo v. Chertoff*, 517 F.3d 273, 277-78 (5th Cir. 2008); *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). In both *Ayanbadejo* and *Zhao*, the Fifth Circuit declined to abdicate jurisdiction based on any extra-statutory authority. 517 F.3d at 277 (citing *Zhao*, 404 F.3d at 303). Unlike some other circuits, the Fifth Circuit has determined that where the Attorney General's discretion derives from an implementing regulation alone, and not the statute itself, Section 1252 does not preclude judicial review. *Zhao*, 404 F.3d at 303. The *Zhao* court explained: "The statutory language is uncharacteristically pellucid on this score; it does not allude generally to "discretionary authority" or to "discretionary authority exercised under this statute," but specifically to "authority for which is specified under this subchapter to be in the discretion of the Attorney General." *Id.* The court added, "We decline to endorse an interpretation whereby any statutorily authorized regulation conferring discretion necessarily forecloses judicial review. Such a reading is contrary to Congress's language and has adverse policy consequences." *Id.* at 303 n. 6.

3

Thus, in *Zhao*, because the statutory provisions governing motions to reopen "only set forth the standards for evaluating a motion to reopen," and did not say anything about the Attorney General's level of discretion, the Fifth Circuit found that Section 1252 did not preclude judicial review, despite the fact that a regulation clearly provided that an immigration judge "has discretion to deny a motion to reopen even if the moving party has established a prima facie case for relief."[1] *Id.* at 303. Likewise, in *Ayanbadejo*, the Fifth Circuit held the grant or denial of an I-130 petition was not clearly discretionary under 8 U.S.C. § 1154, despite the fact that implementing regulations contained discretionary language.[2] 515 F.3d at 278.

## II. ANALYSIS

In this case, the decision at issue is the Attorney General's denial of an extension of L-1 non-immigrant status. L-1 non-immigrant status may be granted to "an alien who, within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge." 8 U.S.C. § 1101(a)(15)(L).

Courts have identified two statutory provisions that are relevant to the grant of L-1 non-immigrant status: 8 U.S.C. § 1184(c)(1) and 8 U.S.C. § 1184(a)(1). Section 1184(c)(1),

---

[1] In *Zhao*, although the Fifth Circuit found that the BIA had exercised no *statutorily* delineated discretion, it nevertheless reviewed the underlying decisions under the "highly deferential abuse-of-discretion standard" based on the relevant regulations. 404 F.3d at 303.

[2] The relevant parts of Section 1154 provided: "After an investigation of the facts in each case ... the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 1151(b) ... approve the petition . . . ." and "[N]o petition shall be approved if . . . the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." 8 U.S.C. § 1154(b), (c).

4

entitled "Petition of importing employer; involvement of Departments of Labor and Agriculture," provides:

> The question of importing any alien as a nonimmigrant under section subparagraph (H), (L), (O), or (P)(i) of section 1101(a)(15) of this title . . . in any specific case or specific cases shall be determined by the Attorney General, after consultation with appropriate agencies of the Government, upon petition of the importing employer. Such petition, shall be made and approved before the visa is granted.

8 U.S.C. § 1184(c)(1). Section 1184(a), entitled "Regulations," provides, in relevant part: "The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe." 8 U.S.C. § 1184(a)(1). The statute does not explicitly provide for extensions of non-immigrant status. However, a federal regulation provides that "[w]here an applicant or petitioner demonstrates eligibility for a requested extension [of L-1 nonimmigrant status], it may be granted at the discretion of the Service." 8 C.F.R. 214.1(c)(5).

The question before the Court is, therefore, whether either 8 U.S.C. § 1184(c)(1) or 8 U.S.C. § 1184(a) grants the Attorney General discretionary authority over the extension of L-1 non-immigrant status. Under *Ayanbadejo* and *Zhao*, the grant of discretion in 8 C.F.R. 214.1(c)(5) is not sufficient to strip the Court of subject matter jurisdiction.

The Fifth Circuit has not yet determined whether Section 1252 strips the courts of the power to review the denial of an application for extension of L-1 non-immigrant status. District courts within the Fifth Circuit and in other circuits have split on the question. *Compare Morris v. Gonzales*, No. 06-4383, 2007 WL 2740438, at *4 (E.D. Pa. Sept. 19, 2007) (judicial review not precluded by Section § 1184(a)(1)); *Shah v. Chertoff*, No. 3:05-CV-1608-BH (K), 2006 WL 2859375, at *1-2 (N.D. Tex. Oct. 5, 2006) (judicial review not precluded by either Section § 1184(a)(1) or Section § 1184(c)(1)); *Shine's Ranch Corp. v. Ridge*, No.

CA3:04-CV-2371-R, 2005 WL 1923595, at *1-3 (N.D. Tex. Aug. 10, 2005) (judicial review not precluded by Section § 1184(a)(1)) *with Eastern Carpet House, Inc. v. Chertoff*, 430 F.Supp.2d 672, 674-75 (S.D. Tex. 2006) (judicial review precluded by grant of discretion in Section. § 1184(a)(1)); *Greene v. Chertoff*, No. H-05-3605, at 5-6 (S.D. Tex. Jul. 31, 2006) (judicial review precluded by grant of discretion in Section § 1184(c)(1)); *Global Export/Import Link, Inc. v. U.S. Bureau of Citizenship and Immigration Services*, 423 F. Supp. 2d 703, 704-07 (E.D. Mich. 2006) (judicial review is precluded by grant of discretion in Section 1184(c)). *See also M.D. Mgmt. Co., LLC v. U.S. Dep't. of Homeland Security, Citizenship and Immigration Service*, No. Civ. A.04-10499-RWZ, 2005 WL 91307, at *1-2 (D. Mass. Jan. 18, 2005) (judicial review of H1-B petition not precluded by Section 1184(a)(1)); *Blacher v. Ridge*, 436 F. Supp. 2d 602 (S.D.N.Y. 2006) (judicial review of H1-B decision is precluded by grant of discretion in Section 1184(a)(1)). The First Circuit found the question of whether Section 1252 precludes review of decisions under Section 1184(a)(1) so "freighted with uncertainty," that it declined to decide the question. *Royal Siam Corp. v. Chertoff*, 484 F.3d 139, 143 (1st Cir. 2007). The Sixth Circuit has held that Section 1252 does preclude judicial review of decisions regarding H1-B visas, also governed by Section 1184(a)(1), but in doing so, the Circuit explicitly considered the fact that the relevant *regulation* granted the Attorney General discretion over the matter. *See CDI Information Services, Inc. v. Reno*, 278 F.3d 616, 619-20 (6th Cir. 2002) (citing 8 C.F.R. § 214.1(c)(5)); *see also Mahaveer, Inc. v. Bushey*, No. 04-1275(GK), 2006 WL 1716723, at *2, *4 (D.D.C. June 19, 2006) (discussing the discretion granted by 8 CFR § 214.1(c)(5) when determining that judicial review was precluded by Section 1184(a)(1) and 1184(c)(1)).

    A.    **Section 1184(c)**

The Court agrees with those district courts that have held that the language of Section 1184(c) does not grant the Attorney General discretionary authority to decide L-1 non-immigrant status. *See, e.g., Shah*, 2006 WL 2859375 at *4-*6. Section 1184(c)(1) states, without more, that the question of whether a nonimmigrant will be "imported" into the United States shall be determined by the Attorney General.[3] Several courts have found that the word "discretion" need not appear in order for the statute to grant such discretionary authority. *See, e.g., Id.* at *6; *Eastern Carpet House*, 430 F. Supp. 2d at 675. *But see Alaka v. Attorney General*, 456 F.3d 88, 97 n. 16, 17, 98 (3d Cir. 2006) (citing 32 provisions of the INA that explicitly refer to the Attorney General's "discretion" and noting that if Congress had wanted to specify discretion in a particular provision, "it would have employed the same explicit language used in other provisions of the same statute.") There is no clear indication in Section 1184(c)(1), however, explicit or implied, that the Attorney General's decision is discretionary. Instead, this provision appears to simply designate the Attorney General as the proper official to make such a determination. Devoid of any language specifying the level of deference to be afforded the Attorney General, Section 1184(c)(1) does not preclude judicial review under Section 1252. *See Zhao*, 404 F.3d at 303 (finding that Section 1252 did not preclude judicial review where statutory provisions "do not furnish us with a level of deference to afford the Attorney General in making that evaluation").

As at least two other district courts have observed, principles of statutory construction also counsel a finding that Section 1184(c)(1) does not preclude judicial

---

[3] Section 1184(c) makes no reference at all to the *extension* of non-immigrant status. Instead, extensions are governed by an implementing regulation which states that the Service has discretion to grant or deny such a request. 8 C.F.R. 214.1(c)(5). The grant of discretion is found in the regulation, not the statute, and therefore does not preclude judicial review under Section 1252 based on the Fifth Circuit's holdings in *Zhao* and *Ayanbadejo*.

7

review. In *National Collegiate Recreation Services v. Chertoff*, the District of South Carolina observed that where it was unclear that the relevant statutory language precluded judicial review, principles of statutory construction counseled a narrow reading of the jurisdiction stripping language:

> First, there must be a showing of "'clear and convincing evidence' of a contrary legislative intent" to restrict access to judicial review. *Bd. of Governors of the Fed. Reserve Sys. v. MCorp Fin., Inc.*, 502 U.S. 32, 44, (1991) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 141, (1967)). In addition, there is a "strong presumption in favor of judicial review of administrative action." *INS v. St. Cyr*, 533 U.S. 289, 298, (2001). Finally, courts construe ambiguities in deportation statutes in favor of the alien. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 449 (1987); *see also Iddir v. INS*, 301 F.3d 492, 496-97 (7th Cir.2002) (applying these principles to the gatekeeper provision).

447 F. Supp. 2d 527, 532 (D.S.C. 2006); *see also Iddir v. INS*, 301 F.3d 492, 496 (noting that "[t]he jurisdiction prohibition in 8 U.S.C. § 1252(a)(2)(B), is construed using longstanding principles of statutory construction," and citing Supreme Court case law in support of the abovementioned principles); *Shah*, 2006 WL 2859375 at *6 ("Only a showing of 'clear and convincing evidence' will suffice to support a finding that Congress intended to preclude judicial review of an administrative action . . . ."). The Fifth Circuit's narrow reading of Section 1252's jurisdiction stripping provision in *Zhao* and *Ayanbadejo* is in keeping with these principles.

Section 1184(c)(1) does not, therefore, provide a statutory grant of discretion to the Attorney General regarding the extension of L(1) visas, and does not deprive this Court of jurisdiction under Section 1252(a)(2)(B)(ii).

**B.     Section 1184(a)(1)**

The question of whether Section 1184(a)(1) grants the Attorney General discretion to determine whether L-1 non-immigrant status should be extended is a closer call. Section

8

1184(a) provides that "[t]he admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe." 8 U.S.C. § 1184(a)(1). Some courts have interpreted this section as providing the Attorney General discretion to both issue implementing regulations and to decide the question of whether to issue and extend non-immigrant status. *See, e.g., Eastern Carpet House, Inc.*, 430 F. Supp 2d at 675 ("By including the permissive 'may' this section affords the Attorney General discretion to decide who may be admitted to the country as a nonimmigrant and under what conditions such admission may occur. This greater power includes the lesser power of denying a petition to extend a nonimmigrant's visa status."). Other courts have insisted that Section 1184(a)(1) only grants the Attorney General discretion to issue regulations, not unfettered statutory discretion regarding the grant or extension of non-immigrant status. As the *M.D. Management* court explained:

> A comprehensive review of this statute clarifies that such discretion as is authorized is limited to the development of regulations regarding the statutorily defined events that may trigger a nonimmigrant's admission and departure. Defendant enjoys no discretion to expand or revise these events, which are restricted to expiration of time allowed in the United States and failure to maintain either admission status or a subsequently acquired immigration status.

2005 WL 91307, at * 2; *see also Shah*, 2006 WL 2859375, at *7 ("[A]ny discretion conferred by § 1184(a)(1) appears to relate to the implementation of regulations setting forth the time and conditions under which a non-immigrant shall be admitted to the United States."); *Morris*, 2007 WL 2740438 at *4 ("[W]hile § 1184(a)(1) provides USCIS with the general authority to set conditions for nonimmigrant admission to the United States, the statute does not explicitly confer USCIS with the discretion to revoke nonimmigrant visas."). The *Shah* court additionally found that Section 1184(c)(1) and the time limits placed on non-

9

immigrant status in Section 1184(c)(2)(D) provided the specific authority for the issuance and revocation of L-1 non-immigrant status, instead of Section 1184(a) and thus "trumped" any discretion that might possibly be read into Section 1184(a)(1). 2006 WL 2859375, at *7 (citing *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003) ("As a fundamental rule of statutory interpretation, specific provisions trump general provisions.").

The Court finds that Section 1184(a)(1) does not grant the kind of statutory discretion required by *Zhao* and *Ayanbadejo*.

Section 1184(a)(1) states that the Attorney General "may" prescribe the time and conditions of non-immigrant admission by regulating the statute. The Attorney General's explicit permission to regulate L-1 non-immigrant status is limited by other provisions in the statute, however. For example, although Congress gave the Attorney General discretion to determine the period of authorized admission for certain non-immigrants, it made clear that the period of authorized admission for a non-immigrant admitted to render services in a managerial or executive capacity under 1101(a)(15)(L) "shall not exceed 7 years." *Compare* 8 U.S.C. § 1184(a) ("The period of authorized status as a nonimmigrant described in section 1101(a)(15)(O) of this title shall be for such period as the Attorney General may specify . . . .") *with* 8 U.S.C. § 1184(c)(2)(D) ("The period of authorized admission for . . . a nonimmigrant admitted to render services in a managerial or executive capacity under section 1101(a)(15)(L) of this title shall not exceed 7 years."). Congress has explicitly defined the terms "managerial capacity" and "executive capacity."[4]

---

[4] The relevant statutory provisions provide:

> The term "managerial capacity" means an assignment within an organization in which the employee primarily--

10

8 U.S.C. § 1101(44)(A),(B). It has placed further limits on the Attorney General's discretionary power to regulate L-1 non-immigrant status in Section 1101(44)(C), which provides:

> If staffing levels are used as a factor in determining whether an individual is acting in a managerial or executive capacity, the Attorney General shall take into account the reasonable needs of the organization, component, or function in light of the overall purpose and stage of development of the organization, component, or function. An individual shall not be considered to be acting in a managerial or executive capacity (as previously defined) merely on the basis of the number of employees that the individual supervises or has supervised or directs or has directed.

8 U.S.C. § 1101(44)(C). Thus, although the Attorney General may have discretionary authority to issue implementing regulations regarding L-1 non-immigrant status, the statutory language provides clear guidelines and parameters that the Attorney General must follow when issuing such regulations.[5]

---

> (i) manages the organization, or a department, subdivision, function, or component of the organization;
> (ii) supervises and controls the work of other supervisory, professional, or managerial employees, or manages an essential function within the organization, or a department or subdivision of the organization;
> (iii) if another employee or other employees are directly supervised, has the authority to hire and fire or recommend those as well as other personnel actions (such as promotion and leave authorization) or, if no other employee is directly supervised, functions at a senior level within the organizational hierarchy or with respect to the function managed; and
> (iv) exercises discretion over the day-to-day operations of the activity or function for which the employee has authority.
>
> A first-line supervisor is not considered to be acting in a managerial capacity merely by virtue of the supervisor's supervisory duties unless the employees supervised are professional.
>
> (B) The term "executive capacity" means an assignment within an organization in which the employee primarily--
> (i) directs the management of the organization or a major component or function of the organization;
> (ii) establishes the goals and policies of the organization, component, or function;
> (iii) exercises wide latitude in discretionary decision-making; and
> (iv) receives only general supervision or direction from higher level executives, the board of directors, or stockholders of the organization.

8 U.S.C. § 1101(44)(A),(B).
[5] In *Zhao*, the Fifth Circuit cited with approval the Ninth Circuit's reasoning in *Medina-Morales v. Ashcroft*, 371 F.3d 520 (9th Cir. 2004). In *Medina-Morales*, the Ninth Circuit declared that "the jurisdictional bar in §

Whether this circumscribed grant of discretion to the Attorney General to regulate non-immigrant status means that the Attorney General also has statutory discretion to determine whether to extend L-1 non-immigrant status is not immediately apparent. The language of Section 1184(a)(1) is not as clearly mandatory as was the language of the statutory provision at issue in *Ayanbadejo*. In *Ayanbadejo*, the Fifth Circuit noted that the use of the word "shall" in the relevant provisions suggested that the Attorney General may lack discretion to decide I-130 petitions. 517 F.3d at 278 n. 4. In that case, however, the language of the relevant statute required the Attorney General to approve or deny a petition if he found certain facts. *Id.* (citing 8 U.S.C. § 1154(b) ("After an investigation of the facts in each case . . . the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 1151(b) . . . approve the petition . . . ."); 8 U.S.C. § 1154(c) ("[N]o petition shall be approved if . . . the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.")). The Court finds, however, that the statutory provisions regarding L-1 non-immigrant status are somewhat like the statutory provisions regarding motions to re-open in *Zhao*. Although there is a bit more statutory guidance regarding the issuance of L-1 non-immigrant status than there was regarding motions to re-open, ultimately, Section 1184(a)(1) does not furnish "a level of deference to afford the Attorney General" in his decision to grant or deny the extension of L-1 status. *See Zhao* 404 F.3d at 303 (noting that the relevant statutory provisions "only set forth the standards for evaluating a motion to

---

1252(a)(2)(B)(ii) applies only to acts over which a statute gives the Attorney General pure discretion unguided by legal standards or statutory guidelines." *Medina-Morales*, 371 F.3d at 528 (citing *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 689-90 (9th Cir. 2003). Although the Fifth Circuit did not cite this exact language in *Zhao*, it did state unequivocally that "we agree with the Ninth Circuit's reasoning [in *Medina-Morales*]." 404 F.3d at 301.

reopen; they do not furnish us with a level of deference to afford the Attorney General in making that evaluation.").

In reaching this conclusion, the Court is again guided by the principles of statutory construction and the Fifth Circuit's narrow reading of the jurisdiction stripping language of Section 1252. *See supra* at 7-8. Although Section 1252 expresses Congress' clear intent to restrict access to judicial review of some decisions, it is not at all clear that Section 1184(a)(1) grants the Attorney General pure discretion to make the determination regarding L-1 non-immigrant status extensions. To the extent there is an ambiguity as to whether Section 1184(a)(1) grants the Attorney General discretion to decide whether to extend L-1 non-immigrant status such that Section 1252 precludes judicial review of his decision, the Court believes it is proper to resolve that ambiguity in favor of jurisdiction.[6]

The Court therefore holds that Section 1184(a)(1) does not preclude the exercise of jurisdiction under Section 1252.

**IT IS SO ORDERED.**

**SIGNED** this _18th_ day of August, 2008.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[6] The Court is aware that two other courts in the Southern District of Texas reached a different conclusion. *See Eastern Carpet House, Inc.*, 430 F.Supp.2d at 674 (S.D. Tex. 2006); *Greene v. Chertoff*, No. H-05-3605, at *5 (S.D. Tex. Jul. 31, 2006). Those decision pre-dates *Ayanbadejo*, and fail to discuss any principles of statutory construction.