UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMINA HAKIMUDDIN, HAKIMUDDIN ALI, S.H., a minor child, S.H., a minor child, MASOUDI USA, LLC d/b/a Perfume Palace, <br><br>Plaintiffs, <br><br>v. <br><br>DEPARTMENT OF HOMELAND SECURITY, through its Secretary, JANET NAPOLITANO, EMILIO GONZALEZ, Director, USCIS, EVELYN UPCHURCH, Director, Texas Service Center, USCIS, and ROBERT WEIMANN, Chief, Administrative Appeals Office, <br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § CIV NO. 4:08-cv-1261 |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiffs' and Defendants' Motion for Summary Judgment. (Doc. Nos. 10, 16.) For the following reasons, Defendants' Motion, Doc. No. 16, should be granted and Plaintiffs' Motion, Doc. No. 10, should be denied.

I. BACKGROUND

Plaintiffs challenge Defendants' decision to deny the petition of Masoudi USA, LLC d/b/a Perfume Palace ("Masoudi USA") for an extension of Plaintiff Samina Hakimuddin's L-1A intracompany transferee non-immigrant status, and the application for an extension for her L-2 derivative family members. Plaintiffs allege that Defendants' denial of the extension was arbitrary and capricious in violation of the Administrative Procedure Act.

1

L-1A non-immigrant status allows a company to transfer a qualified employee from its office abroad to an office in the United States if, among other requirements, the person is to render services in a "capacity that is managerial, executive, or involves specialized knowledge." 8 U.S.C. § 1101(a)(15)(L). Based on documents filed by petitioner, Masoudi USA, the Texas Service Center of the United States Citizenship and Immigration Services ("USCIS"), granted beneficiary Ms. Hakimuddin L-1A non-immigrant status from March 26, 2003 to March 25, 2004, and granted an extension of Ms. Hakimuddin's L-1A non-immigrant status until March 25, 2006.

On March 13, 2006, Masoudi USA filed a second request for extension of Ms. Hakimuddin's classification by filing a third I-129. On April 17, 2006, USCIS issued a Request for Evidence ("RFE") to support this I-129. (A.R. 287-89.) The RFE asked Masoudi USA to submit, *inter alia*: (1) an organizational chart of the U.S. entity, including the names, job titles, a detailed job description and the educational background for each employee; (2) a copy of the U.S. entity's federal income tax return for 2005; (3) a copy of the U.S. entity's state quarterly wage report for the first quarter of 2006; (4) a copy of Form 491, employer's quarterly federal tax return, for the first quarter of 2006; and (5) a copy of the beneficiary's W-2 for 2005. (*Id.*)

On July 6, 2006, USCIS denied Masoudi USA's application for a second extension, claiming that Ms. Hakimuddin no longer qualified for L-1A or L-2 status because Masoudi USA failed to show that Ms. Hakimuddin was employed as a manager or executive. USCIS identified inconsistencies between Masoudi USA's 1st quarter 2006 tax return that indicated that it employed two individuals and the organizational chart submitted that listed three employees. (A.R. 347-48.) USCIS therefore found the claim that Masoudi USA had three employees unsupported by evidence. (A.R. 348.) USCIS concluded that Masoudi USA had not met its

2

burden to prove that Ms. Hakimuddin was a managerial employee because Masoudi USA "does not have the staff to relieve her of non-managerial or non-essential duties." (A.R. 348.) Plaintiffs claim that Ms. Hakimuddin's position and duties had not changed, however, since Masoudi USA filed its first petition and first request for extension. USCIS also denied Masoudi USA's application for an I-140 immigrant visa on behalf of Ms. Hakimuddin and Ms. Hakimuddin's I-485 application for an adjustment of status.

The Administrative Appeals Office (AAO) denied Masoudi USA's appeal on May 2, 2007. It noted the discrepancy between Masoudi USA's I-129 in which it claimed to have three employees and the Texas Workforce Commission quarterly wage report for the first quarter of 2006 (A.R. 333), and the first quarter 2006 federal tax return (A.R. 337), that both indicated that Masoudi USA had two employees when it filed its I-129. (A.R. 368.) The Texas wage report indicated that Masoudi USA employed Samina Hakimuddin and "F. Hakimuddin." (A.R. 368.) Masoudi USA submitted a "Wages List Adjustment Schedule" to correct wages filed with the Texas Workforce Commission, claiming a "bookkeeping error;" this correction indicated that Masoudi USA had six employees in the first quarter of 2006. (A.R. 333, 353-56, 369.) Defendants claim there is no evidence this schedule was ever filed or submitted to the Texas Workforce Commission. (A.R. 369.) Masoudi USA also filed a revised organizational chart and resumes for two managers and one employee listed on the chart. (A.R. 359-63, 370.) The AAO noted that the resumes do not list Masoudi USA as the current employer. (A.R. 359-63, 370.) One of the resumes indicates that the employee worked as a financial analyst in Illinois through April 2006, and the AAO concluded that the claim that the employee worked for Masoudi USA was "not credible." (A.R. 362, 371.)

In addition, the AAO determined there was insufficient evidence that Masoudi Electric Service and Masoudi USA were the same employer such that they had a qualifying relationship as required under the statute. Plaintiffs' counsel asserted that Masoudi Electric Service was the sole member of Masoudi USA, but Masoudi USA's 2004 Form 1065 (A.R. 59), listed the beneficiary, Ms. Hakimuddin, as the sole member, rather than Masoudi Electric Service. (A.R. 373.) The Articles of Organization, and the corporation documents submitted, however, named the foreign employer as the sole member of Masoudi USA. (A.R. 024.)

Plaintiffs Samina Hakimuddin, Hakimuddin Ali, S.H., a minor child, S.H., another minor child, and Masoudi USA, now bring claims under the Administrative Procedure Act, 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. § 2201, against Janet Napolitano,[1] Secretary of the Department of Homeland Security, Emilio Gonzalez, Director of USCIS, Evelyn Upchurch, Director of the Texas Service Center of USCIS, and Robert P. Weimann, Chief, AAO. Plaintiffs claim that the AAO decision to deny the extension application for L-1A status was arbitrary and capricious. They ask for an affirmative injunction vacating the DHS's denial of Masoudi USA's appeal for an L-1A extension and corresponding applications for extension of L-2 status for two minor Plaintiffs, and an injunction reinstating the L-1A and L-2 status of the Plaintiffs. Further, Plaintiffs ask for an injunction vacating Defendants' denial of Plaintiffs' application for the I-140 visa petition and an injunction approving the I-140 visa petition. In addition, Plaintiffs request that the Court declare that the DHS's denial of Masoudi USA's appeal and denial of corresponding applications, in addition to the denial of the I-140 visa petition application, were arbitrary, capricious, and an abuse of discretion. Finally, Plaintiffs ask

---

[1] Janet Napolitano is now the Secretary of the Department of Homeland Security. Pursuant to Fed.R.Civ.P. 25(d)(1), when a public official is a party to an action and subsequently leaves office, that official's successor is automatically substituted as a party. Accordingly, Janet Napolitano is substituted in place of Michael Chertoff, former Secretary. The clerk of court is directed to amend the docket sheet to reflect this substitution.

4

for fees, expenses, and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as determined by the Court's Order of August 18, 2008. (Doc. No. 11.)

## II. STANDARD OF REVIEW

Under the APA, the administrative record is reviewed to determine whether the challenged action is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. *Harris v. U.S.*, 19 F.3d 1090, 1095-1096 (5th Cir. 1994); *National Hand Tool Corp. v. Pasquarell*, 889 F.2d 1472, 1475 (5th Cir. 1989); *State of Louisiana v. Verity*, 853 F.2d 322, 326 (5th Cir.1988); *see* 5 U.S.C. § 706(2)(A). The agency is entitled to considerable deference in its interpretation of the governing statute. *Nat'l Hand Tool Corp. v. Pasquarell*, 889 F.2d 1472, 1475 (5th Cir. 1989) (citing *City of Austin, Texas, Brackenridge Hosp. v. Heckler*, 753 F.2d 1307, 1313 (5th Cir. 1985)). The court will examine the administrative record to ensure that the agency's decision "was based on a consideration of the relevant factors" and that the decision was not "a clear error." *Republic of Transkei v. INS*, 923 F.2d 175, 177 (D.C. Cir. 1991) (quoting *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971)). If the AAO denies a petition based on multiple grounds, the plaintiff will succeed on her challenge only if she shows that the INS abused its discretion with respect to all of the enumerated grounds. *See Spencer Enterprises, Inc. v. U.S.*, 229 F.Supp.2d 1025, 1037 (E.D. Cal. 2001), *aff'd* 345 F.3d 683 (9th Cir 2003).

The AAO's factual findings are reviewed for substantial evidence. *See* 5 U.S.C. § 706(2)(E); *Silwany-Rodriguez v. INS*, 975 F.2d 1157, 1160 (5th Cir. 1992). A reviewing court should not overturn an agency's findings simply because alternative findings could be supported by substantial evidence from the same record. *See Arkansas v. Oklahoma*, 503 U.S. 91, 113

(1992). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). "It must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices.'" *Id.* (internal quotation marks omitted) (citing *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973); *Payne v. Weinberger*, 480 F.2d 1006 (5th Cir. 1973)). That is, to obtain a reversal of the agency's decision, it must be shown that the evidence presented was so compelling that no reasonable fact-finder could fail to arrive at a different conclusion. *Silwany-Rodriguez*, 975 F.2d at 1160.

## III. DENIAL OF NONIMMIGRANT VISA PETITION

### A. L-1A Visa

Defendants argue that the AAO articulated a rational basis for rejecting Masoudi USA's L-1A visa petition for beneficiary Ms. Hakimuddin. They contend that the AAO reasonably found that there was insufficient evidence that she was employed primarily as an executive or manager and that there were inconsistencies in the evidence presented to establish that Masoudi USA had a "qualifying relationship" with its overseas employer, Masoudi Electric Service. Plaintiffs respond that Ms. Hakimuddin was employed in a managerial or executive capacity and that Masoudi USA was a qualifying organization.

The L-1A non-immigrant visa applies to employees of foreign companies who are temporarily transferred to the United States to render services to the same employer in a capacity that is managerial, executive, or involves specialized knowledge. 8 U.S.C. § 1101(a)(15)(L). The burden of proof rests on the visa applicant to establish that she is eligible. *See* 8 U.S.C.A. § 1361. The L-1A visa allows a petitioner temporary admission to the United States for an employee,

6

who, "within the preceding three years has been employed abroad for one continuous year by a qualifying organization…[and is] to be employed by a parent, branch, affiliate, or subsidiary of that employer in a managerial or executive capacity, or in a position requiring specialized knowledge." 8 C.F.R. 214.2(l)(1)(i). The term "managerial capacity" is defined as an assignment within an organization in which the employee primarily:

> (i) manages the organization, or a department, subdivision, function, or component of the organization;
> (ii) supervises and controls the work of other supervisory, professional, or managerial employees, or manages an essential function within the organization, or a department or subdivision of the organization;
> (iii) if another employee or other employees are directly supervised, has the authority to hire and fire or recommend those as well as other personnel actions (such as promotion and leave authorization) or, if no other employee is directly supervised, functions at a senior level within the organizational hierarchy or with respect to the function managed; and
> (iv) exercises discretion over the day-to-day operations of the activity or function for which the employee has authority.

8 U.S.C. § 1101(a)(44)(A).

"Managerial capacity" is similar to "executive capacity," but the terms are defined differently within the statutory regulations, and "executive capacity" suggests a higher level of responsibility. *Id.* Executive capacity means an assignment within an organization in which the employee primarily:

> (1) Directs the management of the organization or a major component or function of the organization;
> (2) Establishes the goals and policies of the organization, component, or function;
> (3) Exercises wide latitude in discretionary decision-making; and
> (4) Receives only general supervision or direction from higher level executives, the board of directors, or stockholders of the organization.

8 U.S.C. § 1101(a)(44)(B); 8 C.F.R. § 214.2(l)(1)(ii)(C).

A company's size alone may not be the determining factor in denying a visa to a multinational manager or executive. *See Systronics Corp. v. INS*, 153 F.Supp.2d 7, 15 (D.D.C.

7

2001). Rather, the executive's duties must be the critical factor. *Nat. Hand Tool Corp. v. Pasquarell*, 889 F.2d 1427, 1476 n.5 (5th Cir. 1989).

In order to support its application, a petitioner must supply evidence that the organization is a qualifying organization, "[e]vidence that the alien will be employed in an executive, managerial, or specialized knowledge capacity, including a detailed description of the services to be performed," and evidence of the organizational structure of the foreign entity. 8 C.F.R. § 214.2(l)(3); *see also Fedin Bros. Co. Ltd. v. Sava*, 724 F.Supp. 1103, 1108 (E.D.N.Y. 1989) (upholding the agency's denial of the plaintiff's visa application because it lacked evidence that the plaintiff's duties were primarily executive or managerial in nature).

### B. Masoudi USA's Petition

Plaintiffs argue that the Defendants arbitrarily and capriciously denied Plaintiffs' application for an extension of beneficiary Ms. Hakimuddin's L-1A immigration status based on several alleged procedural defects: (1) Defendants failed to articulate the deficiencies to allow Plaintiffs to respond to their concerns; (2) Defendants did not review previous approvals of L-1A status; (3) Defendants failed to issue a request for evidence ("RFE"); (4) Defendants discriminated against small businesses in their determination; (5) Defendants violated Plaintiffs' due process rights; and (6) the AAO erred by failing to remand the decision to the USCIS.

#### 1. Failure to put Plaintiffs on Notice of Alleged Deficiency

Plaintiffs argue that Defendants failed to notify Masoudi USA of their intent to deny its petition. Defendants respond that they based their decision on the failure of Masoudi USA to establish eligibility, not based on evidence outside the record of proceeding, and therefore it was not obliged to issue a notice. In addition, Plaintiffs argue that because Defendants found a "substantive change since the prior approval," (A.R. 381) they should have issued a notice of

8

intent to deny or a request for evidence. Under the regulations in effect at the time of the appeal, USCIS must issue a notice of intent to deny "[w]hen an adverse decision is proposed on the basis of evidence not submitted by the petitioner." 8 C.F.R. § 214.2(l)(8)(i) (2006). Plaintiffs do not allege that Defendants relied on information beyond that submitted by the petitioner in making their decision. Consequently, neither the USCIS nor the AAO was under an obligation to issue a notice of intent to deny in this case.[2]

### 2. Two Prior L-1A Approvals

Plaintiffs argue that Defendants erred by failing to include the two prior L-1A approvals in the record of proceeding for the application at issue.[3] They contend that because the L-1A petition at issue was a continuation of previously approved employment, its record of proceeding should include prior all evidence relied upon in the adjudication, including the prior approvals. Plaintiffs argue that the definition of "record of proceeding" under regulations promulgated pursuant to the Freedom of Information Act requires USCIS to examine prior approvals of a petition when evaluating an extension. Plaintiffs also note that if a petitioner submits an application for an existing office, supporting documentation is not required when it files for an extension of the application. 8 C.F.R. § 214.2(l)(14)(i). Consequently, they reason, Defendants must examine the basis of the prior approval in evaluating the new petition for extension.

Defendants respond that the burden of proof is on the petitioner to prove eligibility and that each petition is decided based on a separate record of proceeding. Further, they argue that, if

---

[2] Plaintiffs point to a memorandum in the record in which the USCIS official asks for permission to deny the petition because there has been a "substantive change since the prior approval." (A.R. 381.) They argue that, under the regulations in force at the time, this allegation should have been presented to Plaintiff. This memorandum does not trigger the requirements of the Notice of Intent to Deny, or, as will be discussed *infra*, a Request for Evidence.
[3] Plaintiffs contend that the AAO did not examine the two prior approvals in making its decision and Defendants do not deny this. Plaintiffs cite the AAO's statement that "although CIS approved other petitions that had been previously filed on behalf of the beneficiary, if the previous nonimmigrant petitions were approved based on the same unsupported and contradictory assertions that are contained in the current record, the approval would constitute material and gross error on the part of the director." (A.R. 373.)

Plaintiffs had wanted the prior records considered, they could have submitted them for consideration. Lastly, they argue that the non-existence of other evidence suggests the presumption of ineligibility.

The record of proceeding for a visa petition application is "the official history of any hearing, examination, or proceeding before the Service..." and "includes... any other evidence relied upon in the adjudication." 8 C.F.R. 103.8(d). Each petition, including an extension, is a separate record of proceeding, and previous non-immigrant petitions are adjudicated in CIS service centers that forward the petitions to a National Record Center for storage. (Decl. John Farrar Grissom, Deputy Chief, AAO, Doc. No. 16, Ex. 1, ¶¶ 4-6.) The "record of proceedings" in an immigration appeal includes all documents submitted in support of the appeal. *Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000). The record of proceeding does not always contain the prior approvals.

The regulation that Plaintiffs cite does not compel USCIS or the AAO to review prior determinations. *See also, Louisiana Philharmonic Orchestra v. INS*, No. Civ. A. 98-2855, 2000 WL 282785, **2-3 (E.D. La. Mar. 15, 2000), *aff'd* 248 F.3d 1139 (5th Cir. 2001) (not designated for publication), *cert. denied* 534 U.S. 820 (2001) (holding that the administrative appeals unit was not bound by prior rulings of the service centers based on the same mistaken approvals as in the applications at hand). Furthermore, USCIS is not required to approve an application on the basis of a prior erroneous approval where eligibility is not demonstrated. *See Matter of Church Scientology International*, 19 I. & N. Dec. 593 (BIA 1998); *Matter of Khan*, I. & N. Dec. 397 (BIA 1973).

When a visa was granted and extended on the same standard under which the agency denies a subsequent visa, the agency must specifically elucidate why the previous L-1A visa

approvals were erroneous. *See Omni Packaging, Inc. v. INS*, 733 F.Supp. 500, 504 (D. P.R. 1990). But, the record of proceeding contains the documents submitted by the petitioner. Masoudi USA could have submitted the prior approvals for consideration. Had it done so, it likely would have been improper for the agency to fail to explain why the previous L-1A visas were granted and the current one not. *See IKEA US, Inc. v. INS*, 48 F.Supp.2d 22, 25 (D.D.C. 1999). Here, Plaintiff did not submit the two previous applications and the agency did not consider them. The Court does not find the agency's treatment of the prior approvals arbitrary and capricious or an abuse of discretion.

### 3. Failure to Issue a Request For Evidence

Plaintiffs argue that Defendant USCIS should have issued a Request for Evidence ("RFE") based on its intention to deny the application because Ms. Hakimuddin was not employed in an executive or managerial capacity. Plaintiffs explain that Ms. Hakimuddin is, in fact, an executive or manager—she ran an enterprise of two stores, and she made the executive or managerial decisions to keep the enterprise running. In addition, Plaintiffs contend that, because the regulations allow USCIS to deny a petition if the petitioner fails to submit requested evidence that precludes a material line of inquiry, it is arbitrary and capricious for the USCIS to render a decision on the basis of deficient evidence without notice, and for the AAO to affirm it. Defendants respond that a RFE is not required for every decision and was not required in this case.

Under the regulations in place at the time of Masoudi USA's petition, USCIS "shall" ask the petitioner to submit the missing evidence if she fails to submit the initial evidence in support of the petition and there is no evidence of ineligibility. 8 C.F.R. § 103.2(b)(8) (2006). Extension petitions, however, do not require supporting documentation. 8 C.F.R. § 214.2(l)(14)(i) (2006).

Consequently, the director of the USCIS may ask for additional evidence but is not required to do so. 8 C.F.R. § 103.2(b)(8) (2006). The burden to submit evidence remains with the petitioner. The failure of a petitioner "to submit requested evidence which precludes a material line of inquiry shall be grounds for denying the application or petition." 8 C.F.R. § 103.2(b)(14) (2006). In addition "[i]f there is evidence of ineligibility in the record, an application or petition shall be denied on that basis notwithstanding any lack of required initial evidence." 8 C.F.R. § 103.2(b)(8) (2006).

Plaintiffs argue that a memorandum issued by William R. Yates, Associate Director for Operations, USCIS, in April 2004, should guide the Court's understanding of the regulations at issue in this case. The Yates Memorandum states that the prior determination that an alien is eligible for the particular nonimmigrant classification should be given deference. (Yates, 2004 Mem., Doc. No. 10, Ex. 1.) The Memorandum was issued because adjudicators questioned prior determinations when the underlying facts were unchanged. (*Id.*) The Memorandum, however, does explain that, in three circumstances, prior approval need not be given deference: (1) a material error in the approval of a prior petition; (2) substantial change in circumstances; or (3) new material information that adversely affects eligibility. (*Id.*) The parties agree that the Yates Memorandum does not establish judicially enforceable rights.[4]

---

[4] The Memorandum clarifies that it creates no substantive or procedural rights. (Yates Memorandum, "This memorandum is intended solely for guiding USCIS personnel in performance of their professional duties. It is not intended to be, and may not be relied upon, to create any right or benefit, substantive or procedural, enforceable at law by any individual or other party in removal proceedings, in litigation with the United States, or in any other form or manner.") See *Toussaint v. Gonzales*, 224 Fed. Appx. 69, 71 (2d. Cir. 2007) (explaining that a USCIS Memorandum that includes the same language does not create enforceable rights); *see also U.S. v. Craveiro*, 907 F.2d 260, 264 (1st Cir. 1990). As both parties concede, the Court would be remiss if it held that the Memorandum created procedural or substantive rights in this case. *See, e.g., Loa-Herrera v. Trominski*, 231 F.3d 984, 989 (5th Cir. 2000) (holding that the district court erred in relying on an internal INS memorandum rather than the applicable regulations).

Here, the USCIS did issue an RFE. (A.R. 287-88.) Several of the items requested do bear on whether Ms. Hakimuddin was or was not employed in a primarily managerial or executive capacity. For example, the USCIS requested an organizational chart of the U.S. entity; the U.S. entity's federal income tax return for 2005 that would list the number of employees at the entity and other federal and state documents that would include information about the number of employees at the U.S. entity. In addition, the AAO allowed Masoudi USA an opportunity to submit evidence to refute the bases for denial below. (A.R. 358-63, 369-73.) The agency did not act arbitrarily and capriciously in failing to request even more evidence to support Ms. Hakimuddin's job classification. Both the USCIS and AAO provides Masoudi USA opportunities to supplement the record, and the USCIS specifically signaled that it was seeking evidence to substantiate her job classification.

Plaintiffs contend that the AAO should have issued an RFE once it discovered the inconsistencies in the evidence supporting the qualifying relationship between Masoudi Electric Service and Masoudi USA. Again, however, the agency is only required to ask for evidence if the petitioner fails to submit the initial evidence in support of the petition and there is no evidence of ineligibility. 8 C.F.R. § 103.2(b)(8) (2006). At the time the petition reached the appeal stage, the USCIS had already denied the application, suggesting that there was evidence of ineligibility in the record. As the burden is on the petitioner to provide evidence in support of the petition, it was not arbitrary and capricious for the AAO to deny the petition based on this alternative ground without seeking evidence from Masoudi USA.

Plaintiffs' contention that a petitioner's failure to submit evidence that supports a material line of inquiry is grounds for denial means that the agency must provide notice if it intends to deny an application is of no moment—the burden is on the petitioner to submit evidence to

13

support its application. "If there is evidence of ineligibility in the record, an application or petition shall be denied on that basis notwithstanding any lack of required initial evidence." 8 C.F.R. § 103.2(b)(8) (2006).

### 4. AAO's Discrimination Against Small Businesses

Defendants assert that the AAO considered the reasonable needs of the organization as required by law and determined that Masoudi USA was incapable, based on its overall purpose and stage of development, to support a managerial or executive position. Defendants claim that its determination was not solely based on Masoudi USA's size.

A company's size alone, without taking into account the reasonable needs of the organization, may not be the determining factor in denying a visa to a manager or executive, although size may be considered. 8 U.S.C. § 1101(a)(44)(C); *Family Inc. v. U.S. Citizenship and Immigration Services*, 469 F.3d 1313, 1316 (9th Cir. 2006). Instead, the manager or executive's duties must be the critical factor. *Nat. Hand Tool Corp. v. Pasquarell*, 889 F.2d 1472, 1476 n. 5 (5th Cir. 1989).

Here, the USCIS and AAO did not exclusively rely on Masoudi USA's size as their determining factor. Defendants noted the inconsistencies between the number of employees and Masoudi USA's failure to demonstrate that the one employee working under Ms. Hakimuddin was employed in a managerial or professional capacity, thus implicating 8 U.S.C. § 1101(a)(44)(A)(ii) ("supervises and controls the work of other supervisory, professional, or managerial employees, or manages an essential function within the organization, or a department or subdivision of the organization"). (A.R. 348.) The AAO noted that Masoudi USA failed to submit a job description for each position in the company. (A.R. 368.) The AAO also explained that Masoudi USA only listed the statutory definition of executive capacity without providing

14

details of the actual duties performed by Ms. Hakimuddin. (A.R. 370.); *see, e.g., Fedin Bros. Co. Ltd v. Sava*, 724 F.Supp. at 1109 (upholding the agency's determination in which it considered not only the number of employees, but also the lack of specific evidence of the plaintiff's duties at the employer). The AAO explained that "[t]he petitioner's general description of the beneficiary's duties and the lack of sufficient personnel to perform these tasks makes it impossible to conclude that the beneficiary would plausibly perform primarily managerial or executive duties." (A.R. 372.); *see also Shah v. Chertoff*, No. 3:05-cv-1608-BH (K), 2007 WL 2948362, *9 (N.D. Tex. Oct. 10, 2007) (upholding the agency's determination in which it considered not only the number of subsidiary employees but also the beneficiary's lack of discretionary authority). The Court does not find the agency's treatment of Masoudi USA's size arbitrary and capricious or an abuse of discretion.

### 5. Due Process Violations

Plaintiffs argue that the USCIS and AAO violated their due process rights because the AAO concluded that there was insufficient evidence that the foreign employer was the sole member of the Texas LLC based on one line in the U.S. entity's 2004 Form 1065, that stated the name of the beneficiary rather than the name of the foreign employer. The Articles of Organization correctly named the foreign employer. Plaintiffs argue that a few minor errors or discrepancies are not reason to question an alien's credibility. Defendant responds that Masoudi USA failed to submit sufficient evidence that it has a qualifying relationship with Ms. Hakimuddin's overseas employer, Masoudi Electric Service. (A.R. 373.)

The Constitution protects the rights of aliens to the due process protections of the Fifth Amendment. *See Yick Wo v. Hopkins*, 118 U.S. 356 (1886). The failure of an agency to follow its own regulations providing for procedural safeguards in proceedings before it, is a procedural due

process violation. *See Campos v. INS*, 32 F.Supp.2d 1337 (S.D. Fla. 1998) (citing *Gov't of Canal Zone v. Brooks*, 427 F.2d 346, 347 (5th Cir. 1970); *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 511 (5th Cir. 2001)).

Here, Plaintiffs have failed to establish that denying Masoudi USA's appeal based on this inconsistency, combined with the other inconsistencies noted above, violates their due process rights. The agency has followed its own regulations and denied petitioner's appeal based on several grounds, including the inconsistency between the Form 1065 and the other evidence. Had the agency denied Masoudi USA's application based solely on this minor inconsistency, it might have been an arbitrary and capricious to have done so. *See Spencer Enterprises, Inc. v. U.S.*, 345 F.3d 683, 694 (9th Cir. 2003). In addition, Plaintiffs contend that the AAO violated the Fifth Amendment by ruling against Plaintiffs on independent grounds not mentioned in the decision of the USCIS. Plaintiffs provide no law to suggest that the AAO cannot deny the petition based on additional grounds.

### 6. Failure to Remand was Proper

Plaintiffs argue that Defendants failed to remand the case to allow the Plaintiffs to address any alleged deficiencies regarding the issue of whether Ms. Hakimuddin was employed in an executive or managerial capacity. Defendants respond that for the AAO to remand the case would have served no purpose. The USCIS had already requested other information and the AAO allowed Masoudi USA to submit additional information for consideration. The Court does not find any support for Plaintiffs' contention.

## IV. CONCLUSION

The AAO's decision to deny Masoudi USA's petition was not arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. It relied on both the inconsistent

evidence regarding the number of employers, the failure of Masoudi USA to resolve inconsistencies in the record, the general description of Ms. Hakimuddin's duties, and the lack specific details that would allow the agency to conclude that she was primarily involved in the duties of a manager or executive. Because the Court finds that the decision to deny the petition based on Ms. Hakimuddin's job description a reasonable interpretation of the statute, it need not reach the AAO's alternative ground, the lack of qualifying relationship between Masoudi USA and Masoudi Electric Service. Defendants' Motion is **GRANTED**, Plaintiffs' Motion is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 26th day of February, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE